IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD L. MIMM, III, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VANGUARD DEALER SERVICES, LLC, )<br>JAMES R. POLLEY, SCOTT IMPORTS, INC., )<br>and MARTIN HONDA, )<br>)<br>Defendants. )<br>) | Civil Action No. 11-736 GMS |

## MEMORANDUM

### I. INTRODUCTION

The plaintiff, Donald L. Mimm, III ("Mimm"), filed this action against defendants Vanguard Dealer Services, LLC ("Vanguard"), James R. Polley ("Polley"), Scott Imports, Inc. ("Scott Imports"), and Martin Honda, alleging breach of contract, promissory estoppel, tortious interference with contractual relations, tortious interference with prospective business relations, negligent misrepresentation, and intentional misrepresentation. (D.I. 1.) Presently before the court is Scott Imports' and Martin Honda's joint motion to dismiss Mimm's claims for breach of contract and promissory estoppel pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I. 11.) For the reasons that follow, the court will deny this motion.

### II. BACKGROUND

On or about January 24, 2011, Mimm began working for Vanguard as a Business Development Manager and signed a Confidentiality and Non-Compete Agreement (the "NCA") at that time. (D.I. 1 at ¶¶ 11–14.) The NCA provided, in pertinent part:

> Employee shall not during the course of his/her employment with Vanguard and/or for two (2) years following the termination of Employee's employment with Vanguard (regardless of whether such termination is voluntary, involuntary, with or without cause) directly or indirectly . . . engage or participate in any employment or activity competitive with Vanguard.

(*Id.* at ¶ 14.) During the course of his employment with Vanguard, Mimm trained employees at various car dealerships including Martin Honda. (*Id.* at ¶ 16.)

On or about May 31, 2011, the general manager of Martin Honda, Hommey Poursaied ("Poursaied"), offered Mimm a job as a Finance and Insurance Manager. (*Id.* at ¶¶ 20–25.) Mimm expressed interest in the position but requested time to consider the offer and, over the next couple of days, sought further information about the job. (*Id.* at ¶¶ 26–31.) On June 2, 2011, Mimm instructed Poursaied that Martin Honda could remove its newspaper ad for the open Manager position, since he would be accepting the job. (*Id.* at ¶ 36.)

On June 3, 2011, Mimm informed his immediate supervisor at Vanguard about the offer, indicated that he wished to begin at Martin Honda on June 13, 2011, and received permission to provide less than two week's resignation notice. (*Id.* at ¶¶ 37–39.) Shortly thereafter, Polley, the President of Vanguard, advised Mimm that he could not work for Martin Honda due to the NCA and threatened Mimm with legal action should he choose to disregard the agreement. (*Id.* at ¶ 40.) Mimm informed Polley that he would remain at Vanguard and telephoned Poursaied to advise him of this development. (*Id.* at ¶¶ 43–45.) Poursaied then assured Mimm that Bill Camp, the President of Martin Honda, had already spoken with Polley and that Martin Honda still wished to hire him. (*Id.* at ¶¶ 46–48.) After receiving these assurances, Mimm informed Poursaied that he accepted Martin Honda's offer and could begin work on June 13, 2011. (*Id.* at ¶ 49.)

On June 6, 2011, Mimm again telephoned Poursaied and left a voicemail stating that he could actually start work that very week. (*Id.* at ¶ 54.) Poursaied returned this call and informed Mimm that, because of a second conversation between Camp and Polley, Martin Honda had decided to rescind its offer. (*Id.* at ¶ 55.) Camp himself then confirmed that Martin Honda had rescinded its offer because of the NCA and his conversation with Polley. (*Id.* at ¶ 56.)

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failing to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Dismissal is warranted where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). The court "accept[s] all factual allegations as true, construe[s] the complaint in the light most favorable to the plaintiff, and determine[s] whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The issue for the court is "not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## IV. DISCUSSION

Martin Honda and Scott Imports contend that Mimm fails to state a claim upon which relief can be granted with respect to his claims for breach of contract and promissory estoppel. (D.I. 11-1.) The court addresses each of these claims separately, and, for the reasons that follow, finds that Mimm has pled sufficient facts to overcome this motion to dismiss.

### A. Breach of Contract

3

While Mimm concedes that he did not receive a written employment agreement from Martin Honda, he argues that there was nevertheless a valid oral employment contract. (D.I. 16 at 6.) Mimm contends that the Delaware Statute of Frauds does not necessarily invalidate an oral agreement for employment and that an at-will employment agreement of indefinite duration, such as his, is not subject to the Statute of Frauds. (*Id.* at 6–7.) On the other hand, Scott Imports and Martin Honda argue that "an oral acceptance of an offer of employment is insufficient to create a binding contract absent an accompanied writing." (D.I. 11-1 at 3.)

The court agrees with Mimm that his oral acceptance of Martin Honda's offer may have been sufficient to create a valid contract. Under Delaware law, it is clear that an oral agreement can establish an employment contract without running afoul of the Statute of Frauds. *See, e.g., Brandner v. Del. State Hous. Auth.*, 605 A.2d 1 (Del. Ch. 1991). The codified Delaware Statute of Frauds provides, "No action shall be brought to charge any person . . . upon any agreement that is not to be performed within the space of one year from the making thereof . . . unless the contract is reduced to writing . . . ." Del. Code Ann. tit. 6, § 2714(a). A contract of indefinite duration, however, is not an "agreement that is not to be performed within the space of one year," and, in Delaware, there is a "heavy presumption that a contract for employment, unless otherwise expressly stated, is at-will in nature with duration indefinite," *Merrill v. Crothall-American, Inc.*, 606 A.2d 96, 102 (Del. 1992). Put simply, "Employment contracts of indefinite duration *may be* completed within one year and, thus, may be enforced notwithstanding the Statute of Frauds." *Brandner*, 605 A.2d at 2.

Scott Imports and Martin Honda next argue that, while the oral agreement may have created a valid contract, that contract established only at-will employment, allowing Martin

4

Honda to terminate Mimm's employment at any time. (D.I. 11-1 at 3.) Mimm acknowledges that his employment contract was at-will but maintains that his termination was wrongful because it fell under an exception to the at-will employment doctrine. The Delaware Supreme Court has identified four situations in which the implied covenant of good faith and fair dealing operates to limit an at-will employer's discretion:

> (1) where the employee's termination violates public policy, (2) where the employer misrepresents an important fact and the employee relies on it when deciding to accept a new position or to remain at a present one, (3) where the employer uses its superior bargaining power to deprive an employee of identifiable compensation related to an employee's past service, and (4) where an employer through deceit, fraud, and misrepresentation manipulates the record "to create fictitious grounds to terminate employment."

*Bailey v. City of Wilmington*, 766 A.2d 477, 480 (Del. 2001). Mimm invokes the second category, arguing that Martin Honda misrepresented that the Manager position was still available on June 3, 2011. According to Mimm, "there can be no more important fact in deciding whether to accept a new job or stay with a current job then the availability of the new job." (D.I. 16 at 11.) Mimm claims that Martin Honda's misrepresentation regarding the position's availability was material to his decision to accept the offer and resign from his job at Vanguard. (*Id.*)

Scott Imports and Martin Honda reply that *Bailey* dealt only with the fourth category of exceptions to the at-will employment doctrine, "where an employer through deceit, fraud, and misrepresentation manipulates the record 'to create fictitious grounds to terminate employment.'" 766 A.2d at 480. They note the Delaware Supreme Court did not explore the precise circumstances that might allow for application of the second category, which Mimm now seeks to employ. *Id.*

Scott Imports and Martin Honda, however, bear the burden of showing the legal

insufficiency of the claims asserted, and they have failed to provide any authority supporting their contention that the second category of exceptions is inapplicable here. *See Adkins v. Rumsfeld*, 389 F. Supp. 2d 579, 584 (D. Del. 2005). While the *Bailey* court did not provide a blueprint to guide the application of each of its listed exceptions, the court does not presume that its silence renders all but the discussed, fourth category meaningless. Rather, the court finds that, given the plain meaning of the second *Bailey* exception, Mimm has stated a sufficient claim for breach of contract. Taking Mimm's allegations as true, it is plausible that Martin Honda misrepresented its intent to employ him despite the NCA and then breached its oral employment contract when it "rescinded" Mimm's offer.

B.  Promissory Estoppel

A promissory estoppel claim requires the plaintiff to demonstrate "(i) the making of a promise; (ii) with the intent to induce action or forbearance based on the promise; (iii) reasonable reliance; and (iv) injury." *Brooks v. Fiore*, No. 00-803-GMS, 2001 WL 1218448, at *5 (D. Del. Oct. 11, 2011) (citing *Scott-Douglas Corp. v. Greyhound Corp.*, 304 A.2d 309, 319 (Del. Super. Ct. 1973)). Scott Imports and Martin Honda argue that "acceptance of new employment alone cannot support a claim for promissory estoppel because otherwise the at will doctrine would be effectively abolished." (D.I. 11-1 at 4.) Mimm contends that, in Delaware, a plaintiff's at-will status does not "necessarily prohibit a claim based on promissory estoppel if Plaintiff can prove the elements of promissory estoppel by the necessary 'clear and convincing' evidentiary standard." (D.I. 16 at 11 (quoting *Konitzer v. Carpenter*, No. 92C-07-067, 1993 WL 562194, at *6 (Del. Super. Ct. Dec. 29, 1993)).)

The court agrees with Mimm that, under Delaware law, his "at-will employment status

does not preclude, *per se,* the assertion of a promissory estoppel claim." *Lord v. Souder,* 748 A.2d 393, 399 (Del. 2000). In *Lord v. Souder,* the Delaware Supreme Court noted that "several Delaware decisions have recognized the theory of promissory estoppel as a basis of recovery by an at-will employee for wrongful discharge."[1] *Id.* at 398 (citing *Konitzer,* 1993 WL 562194, at *6; *Keating v. Bd. of Educ. of the Appoquinimink Sch. Dist.,* No. 12589, 1993 WL 460527, at *4 (Del. Ch. Nov. 3, 1993), *aff'd,* 650 A.2d 1305 (Del. 1994); *Crisco v. Bd. of Educ. of the Indian River Sch. Dist.,* No. 9282, 1988 WL 90821, at *3, (Del. Ch. Aug. 29, 1988); *Reeder v. Sanford Sch., Inc.,* 397 A.2d 139, 141–42 (Del. Super. Ct. 1979)). In fact, the dispute in *Lord* centered on whether post-hire promises made to an at-will employee were subject to a promissory estoppel claim—all parties apparently agreed that Delaware law allowed for promissory estoppel claims in the case of pre-hire promises, such as Martin Honda's alleged promise in this case. *See id.*

Here, Mimm has pled sufficient facts to sustain a claim for promissory estoppel. Mimm alleges that, after learning of the NCA, Martin Honda represented that it still wished to hire him, (D.I. 1 at ¶¶ 46–48, 63), that this representation was made to induce him to leave his position with Vanguard, (*Id.*), and that he relied on this representation to his detriment, (*Id.* at ¶¶ 64–65).

## V. CONCLUSION

For the foregoing reasons, the court will deny Scott Imports' and Martin Honda's joint motion to dismiss. (D.I. 11.)

Dated: October 4, 2012

CHIEF, UNITED STATES DISTRICT JUDGE

---

[1] The *Lord* court did note that that one Delaware decision held differently, finding that an at-will employment relationship precluded a promissory estoppel claim. *Lord,* 748 A.2d at 398 n.3 (citing *Gaines v. Wilmington Trust Co.,* No. 90C-MR-135, 1991 WL 113613, at *3 (Del. Super. Ct. June 3, 1991)).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD L. MIMM, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11-736 GMS |
| ) | |
| VANGUARD DEALER SERVICES, LLC, ) | |
| JAMES R. POLLEY, SCOTT IMPORTS, INC., ) | |
| and MARTIN HONDA, ) | |
| ) | |
| Defendants. ) | |

## ORDER

At Wilmington this 4th day of October 2012, consistent with the memorandum opinion issued this same date, IT IS HEREBY ORDERED THAT:

The defendants' Motion to Dismiss (D.I. 11) be DENIED.

_____
CHIEF, UNITED STATES DISTRICT JUDGE