IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD L. MIMM, III, <br><br> Plaintiff, <br><br> v. <br><br> VANGUARD DEALER SERVICES, LLC, JAMES R. POLLEY, and MARTIN NEWARK DEALERSHIP, INC. <br><br> Defendants. <br><br> VANGUARD DEALER SERVICES, LLC, and JAMES R. POLLEY <br><br> Counter Claimants, <br><br> v. <br><br> DONALD L. MIMM, III, <br><br> Counter Defendant. | Civil Action No. 11-736-GMS |

## MEMORANDUM

1. The plaintiff, Donald L. Mimm, III ("Mimm"), filed the instant action against defendants Vanguard Dealer Services, LLC ("Vanguard"), James R. Polley ("Polley"), and Martin Newark Dealership, Inc. ("Martin")[1] on August 19, 2011. (D.I. 1.) Mimm's Complaint sets forth two causes of action against Martin. Specifically, Count I, Breach of Contract, alleges that Martin breached an oral agreement entered into by the parties, and Count II, Promissory Estoppel, alleges that Mimm relied on Martin's representations regarding its

---

[1] Mimm's Complaint originally named Scott Imports, Inc. and Martin Honda as defendants, but the parties later jointly agreed to substitute Martin Newark Dealership, Inc. as a defendant. (D.I. 58.)

willingness to employ him to his detriment. (Id., ¶¶ 57-65.) Presently before the court is Martin's Federal Rule of Civil Procedure 56(c) motion for summary judgment against Mimm on the breach of contract and promissory estoppel claims. (D.I. 70.) For the reasons that follow, the court will deny Martin's motion.

2. In determining the appropriateness of summary judgment, a court must review the record as a whole and "draw all reasonable inferences in favor of the nonmoving party, [but] may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). If a court determines that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law," summary judgment is appropriate. *Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005) (quoting FED. R. CIV. P. 56(c)).

3. Martin raises three arguments against Mimm's breach of contract claim (Count One). First, Martin challenges whether a valid contract was formed. It contends that any oral employment offer it made was explicitly based upon a condition precedent that Mimm be released from the Noncompete Agreement ("NCA") that he was bound by pursuant to his employment contract with Vanguard. (D.I. 71 at 2.) Martin argues that Mimm was never released from the NCA, and as a result, the condition precedent to the contract formation was never satisfied. (Id.) Additionally, Martin contends that its corporate policy requires prospective employees to engage in an application process and there is no evidence in the record that the application process took place. (Id. at 11.)

4. The court finds, based on its review of the parties' submissions and the cited record, that material facts remain in dispute as to whether Martin's General Manager, Hommey

2

Poursaied ("Poursaied"), ever communicated to Mimm that his employment was contingent upon "Vanguard's blessing" or the completion of an application process. Further, viewing the record in the light most favorable to Mimm, a reasonable jury could conclude Martin abandoned the "blessing" pre-condition when Poursaied assured Mimm that Martin still wanted to hire him after Vanguard's President, James Polley ("Polley"), informed Martin that Mimm was bound by the NCA.[2] (*See* D.I. 74, Ex. E ("Mimm Tr.") at 127:17-128:14; 130:2-130:9; 131:7-131:17; 210:15-210:20; D.I. 92 at 1-4.)

5. Second, Martin argues that if a valid contract was formed, it lawfully terminated Mimm's at-will employment because he was in violation of the NCA. (D.I. 71 at 14-15.) An at-will employer's "authority to terminate an employee is limited by the implied covenant of good faith and fair dealing . . . where the employer misrepresents an important fact and the employee relies on it when deciding to accept a new position or to remain at a present one." *Bailey v. City of Wilmington*, 766 A.2d 477, 480 (Del. 2001).

6. Here, the court finds that there are sufficient disputed material facts from which a reasonable jury could conclude that Martin breached its implied covenant of good faith and fair dealing by misrepresenting its willingness to hire Mimm regardless of Vanguard's position on the NCA, and Mimm relied upon that representation when he

---

[2] At this stage of the proceedings, the court is not persuaded by Martin's argument that Mimm's June 13, 2011 e-mail, which was sent more than a week after the alleged oral contract was formed and rescinded, demonstrates that the contract was contingent upon the express condition precedent that Mimm be released from the NCA. (*See* D.I. 98 at 1-2.) The June 13, 2011 e-mail states in pertinent part:

> I am asking Martin Honda that Martin Honda reconsider the decision made to rescind the offer for my employment as a F&I manager. I ask this due to the fact that the decision to rescind the offer was made with incorrect information. The employment offer was originally made with the understanding that I was released from the alleged contract. I would like to point out that I was released by an officer at Vanguard and the fact that it appears as though no contract ever existed.

(D.I. 75 at A-420.)

resigned from his employment with Vanguard. (*See* D.I. 92 at 3-4, 8-9.)

7. Third, Martin argues that Mimm's breach of contract action should be dismissed pursuant to the Statute of Frauds because Mimm submitted an expert report based on twelve years of damages. Martin contends that Mimm's damages position is wholly inconsistent with the principle that an oral contract for at-will employment is not barred by the Statute of Frauds because at-will employment could be completed within one year. Thus, Martin urges the court to dismiss Mimm's breach of contract claim pursuant to the Statute of Frauds, or limit Mimm's damages to be capped at the annual projected earnings for one year. (D.I. 71 at 12.)

8. The court rejects Martin's Statute of Frauds argument and shall not limit Mimm's prospective damages to the annual projected earnings for one year. Mimm's alleged oral contract does not run afoul of the Delaware Statute of Frauds.[3] Further, Martin provided no legal authority to support its theory that the Statute of Frauds operates as an affirmative "sword" to limit damages where, as here, it is inapplicable to the employment contract at issue. Indeed, if the court were to adopt Martin's position, any at-will employee claiming breach for unlawful termination would be limited to one year's wages.

9. Finally, Martin argues that Mimm's promissory estoppel claim (Count Two) must be dismissed because he failed to establish that Martin made a "real promise" to him that he

---

3 Under Delaware law, there is a "heavy presumption that a contract for employment, unless otherwise expressly stated, is at-will in nature with duration indefinite." *Merrill v. Crothall-American, Inc.*, 606 A.2d 96, 102 (Del. 1992). Further, "[e]mployment contracts of indefinite duration may be completed within one year and, thus, may be enforced notwithstanding the Statute of Frauds." *Brandner v. Del. State Hous. Auth.*, 605 A.2d 1, 2 (Del. Ch. 1991) (emphasis added).

4

reasonably relied upon. (D.I. 71 at 3.) Again, Martin relies upon Mimm's June 13, 2011 e-mail to argue that Mimm understood that his release from the NCA was a condition precedent to contract formation; that Martin had no control over whether Mimm could be released from the NCA; and therefore, Mimm did not reasonably rely on any promise proffered by Martin regarding employment when he resigned from Vanguard on June 5.[4] (Id. at 16.)

10. "In order to establish a claim for promissory estoppel, a plaintiff must show by clear and convincing evidence that: (i) a promise was made; (ii) it was the reasonable expectation of the promisor to induce action or forbearance on the part of the promisee; (iii) the promisee reasonably relied on the promise and took action to his detriment; and (iv) such promise is binding because injustice can be avoided only by enforcement of the promise." *Lord v. Souder*, 748 A.2d 393, 399 (Del. 2000). Viewing the evidence in the light most favorable to Mimm, the court finds that a reasonable juror could find Mimm satisfies the necessary elements.[5] After Vanguard's President, Polley, informed Martin about the NCA, Martin represented that it still wish to hire Mimm, that representation was made to induce him to leave his position with Vanguard, and Mimm relied on that representation to his detriment. (*See* Mimm Tr. at 127:17-128:14; 130:2-130:9; 131:7-131:17; 210:15-

---

[4] Martin argues that Vanguard's President, Polley, is the only individual with the authority to release Mimm from the NCA, and that in Mimm's June 13, 2011 e-mail, he improperly stated he was released from any NCA by other high-ranking Vanguard executives. (D.I. 98 at 2-3.) However, that argument appears to support Mimm's promissory estoppel claim because the record, viewed in the light most favorable to Mimm, indicates that Polley discussed the NCA with Martin, and Martin represented that it still wished to hire Mimm, notwithstanding the conversation about the NCA.

[5] The court notes that it "may not make credibility determinations or weigh the evidence" when considering Martin's motion for summary judgment. *Reeves*, 530 U.S. at 150. Therefore, the jury will need to decide whether Mimm has established the necessary elements under the heightened "clear and convincing" standard.

210:20; D.I. 92 at 3-4.)

11. Accordingly, having considered the parties' submissions, as well as the relevant law, the court concludes that there are a number of disputes regarding material facts, which raise genuine issues for trial regarding Mimm's breach of contract and promissory estoppel claims. Therefore, the court denies Martin's Motion for Summary Judgment, (D.I. 70).

Dated: February 25, 2014

_____
CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD L. MIMM, III,<br><br>    Plaintiff,<br><br>v.<br><br>VANGUARD DEALER SERVICES, LLC,<br>JAMES R. POLLEY, and MARTIN NEWARK<br>DEALERSHIP, INC.<br><br>    Defendants. | Civil Action No. 11-736-GMS |
| VANGUARD DEALER SERVICES, LLC, and<br>JAMES R. POLLEY<br><br>    Counter Claimants,<br><br>v.<br><br>DONALD L. MIMM, III,<br><br>    Counter Defendant. | |

**ORDER**

At Wilmington, this 25th day of February, 2014, consistent with the Memorandum issued this same date, IT IS HEREBY ORDERED THAT:

Martin Newark Dealership, Inc.'s Motion for Summary Judgment, (D.I. 70), is DENIED.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

7