IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD L. MIMM, III, </br></br>      Plaintiff, </br></br>v. </br></br>VANGUARD DEALER SERVICES, LLC, </br>JAMES R. POLLEY, and MARTIN NEWARK </br>DEALERSHIP, INC. </br></br>      Defendants. </br></br>VANGUARD DEALER SERVICES, LLC, and </br>JAMES R. POLLEY </br></br>      Counter Claimants, </br></br>v. </br></br>DONALD L. MIMM, III, </br></br>      Counter Defendant. | Civil Action No. 11-736-GMS |

## MEMORANDUM

1.     The plaintiff, Donald L. Mimm, III ("Mimm"), filed the instant action against defendants Vanguard Dealer Services, LLC ("Vanguard"), James R. Polley ("Polley"), and Martin Newark Dealership, Inc. ("Martin")[1] on August 19, 2011. (D.I. 1.) Mimm's Complaint asserts four causes of action against Vanguard and Polley -- tortious interference with contractual relations (Count Three), tortious interference with prospective business relations (Count Four), negligent misrepresentation (Count Five), and intentional

---

[1] Mimm's Complaint originally named Scott Imports, Inc. and Martin Honda as defendants, but the parties later jointly agreed to substitute Martin Newark Dealership, Inc. as a defendant. (D.I. 58.)

misrepresentation (Count Six). (Id., ¶¶ 67-77) On October 16, 2012, the court granted Polley's motion to dismiss for lack of personal jurisdiction. (D.I. 26.) In its November 27, 2012 Answer, Vanguard asserted counterclaims against Mimm for declaratory judgment (that Mimm's Non-Compete Agreement ("NCA") is valid and enforceable), breach of contract, and inevitable disclosure. (D.I. 27, ¶¶ 25-47.) Vanguard has subsequently withdrawn its counterclaim for inevitable disclosure as moot.[2] (D.I. 90 at 2.) Presently before the court are Mimm's and Vanguard's motions for summary judgment. Mimm seeks partial summary judgment against Vanguard on his tortious interference with prospective business relations claim (Count Four), and against Vanguard on all of its counterclaims. (D.I. 76.) Vanguard seeks summary judgment against Mimm on all four alleged causes of action. (D.I. 72) For the reasons that follow, the court denies Mimm's motion in its entirety, and the court grants-in-part and denies-in-part Vanguard's motion.

2. In determining the appropriateness of summary judgment, a court must review the record as a whole and "draw all reasonable inferences in favor of the nonmoving party, [but] may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). If a court determines that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law," summary judgment is appropriate. *Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005) (quoting FED. R. CIV. P. 56(c)). The moving party is also entitled to

---

[2] In Vanguard's opposition to Mimm's motion for summary judgment, it states: "Vanguard withdraws as moot Count III of its Counterclaim, inevitable disclosure, because the term of the Non-Compete has expired and the record evidence in this case does not establish that [Mimm] was employed or engaged in any activity competitive to Vanguard and has not disclosed Vanguard's confidential business information." (D.I. 90 at 2.)

2

judgment as a matter of law if the nonmoving party fails to make a sufficient showing on an essential element of its case for which it has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

3. As an initial matter, the court and the parties are in accordance that New Jersey law applies because Mimm's claims are premised on Vanguard's alleged conduct in New Jersey. (*See* D.I. 73 at 10-11 and D.I. 77 at 9-10 (applying "most significant relationship" choice of law test).)

4. The court begins with Mimm's tortious interference with contractual relations claim. Mimm alleges that Polley and Vanguard torturously interfered with his oral contract of at-will employment with Martin by falsely representing that he was contractually prohibited from working at Martin. (D.I. 1, ¶ 67.) The New Jersey Supreme Court recently held that interference with an at-will employment contract must be analyzed in accordance with the principles governing tortious interference with prospective contractual relationship, not tortious interference with a contract. *Nostrame v. Santiago*, 213 N.J. 109, 121 (2013) (citing Restatement (Second) of Torts § 766 comment (explaining that "interest in a contract terminable at will is primarily an interest in future relations between the parties, and . . . is closely analogous to interference with prospective contractual relations")). As such, Mimm's tortious interference with contractual relations claim is inapplicable to the facts at bar and must be dismissed. Therefore, the court grants Vanguard's motion for summary judgment on Count Three of Mimm's Complaint.

5. Next, the court addresses Count Four, tortious interference with prospective business

relations. Mimm alleges that Polley and Vanguard "intentionally and maliciously interfered with [Mimm's] pursuit of his employment opportunity with [Martin]" by falsely representing that he was contractually prohibited from working at Martin. (D.I. 1, ¶ 67.) Under New Jersey law, to establish a claim of tortious interference with prospective business relations, Mimm must allege sufficient facts to show: (1) he had a reasonable expectation of economic advantage; (2) Vanguard interfered with that expectation intentionally and improperly[3]; (3) a causal connection between Vanguard's interference and the loss of his prospective gain; and (4) he suffered actual damage. *See Macdougall v. Weichert*, 144 NJ 380, 403-405 (1996); *Nostrame*, 213 N.J. at 122. To determine whether an act of interference is improper, the New Jersey Supreme Court identified the following relevant considerations: "the nature of and motive behind the conduct, the interests advanced and interfered with, societal interests that bear on the rights of each party, the proximate relationship between the conduct and the interference, and the relationship between the parties." *Nostrame*, 213 N.J. at 122 (citing Restatement (Second) of Torts § 767).

6. Here, Vanguard argues Mimm's tortious interference with contractual relations claim must fail because Mimm cannot establish that he had a reasonable expectation of

---

[3] Vanguard's brief identifies the second necessary element as "intentionally and with malice." (D.I. 73 at 12 (citing *Printing Mart-Morristown v. Sharp Electronics Corp.*, 116 N.J. 739, 751 (1989)). The *Printing Mart* Court explained "malice is defined to mean that the harm was inflicted intentionally and without justification or excuse." 116 N.J. at 751. It further recognized that the "malice" standard is similar to the balancing test prescribed by the Restatement to determine whether an interference is "improper." *Id.* (citing Restatement (Second) of Torts § 766B cmt. a., §767). However, the most recent New Jersey Supreme Court authority explicitly implemented the Restatement balancing test to analyze whether an interference with an at-will employment contract was "improper." *See Nostrame*, 213 N.J. at 122 (citing Restatement (Second) of Torts § 767). Accordingly, the court finds the Restatement's language and balancing test is appropriate for analyzing the facts at issue.

4

employment or that Vanguard acted with "malice." (D.I. 73 at 13-15.) Specifically, Vanguard contends that Mimm did not have a reasonable expectation of employment with Martin because he had a NCA, and Vanguard notified him that it intended to enforce the NCA if Mimm went to work for Martin. (Id. at 13.) Additionally, Vanguard argues that it did not act with malice because it had a legitimate interest in enforcing Mimm's NCA and protecting its customer relationships. (Id. at 15.) In contrast, Mimm asserts that the court must find in his favor because the NCA does not expressly prohibit him from working for a customer of Vanguard, and "there is no dispute that Martin Honda does not compete with Vanguard." (D.I. 77 at 11.) Therefore, Mimm argues that his employment at Martin could not violate the NCA because it would not involve engaging in or participating in competitive activity with Vanguard. (Id.)

7. After reviewing the parties' submissions and the cited record, the court concludes that there are a number of disputes regarding material facts, which raise genuine issues for trial. Material facts remain in dispute as to whether Mimm's employment at Martin would have been "competitive with Vanguard" and in violation of the NCA. Specifically, the parties dispute whether the NCA prohibited Mimm from working for one of Vanguard's customers, and whether Martin's F&I managers sell products that compete with Vanguard. As such, there are factual disputes underpinning the question of whether Vanguard's interference with Mimm's prospective employment at Martin was "improper" in light of the *Nostrame* factors. *See Nostrame*, 213 N.J. at 122. Therefore, the court denies both parties motions for summary judgment on Count Four of Mimm's Complaint.

8.  In Counts Five and Six, Mimm alleges that Polley and Vanguard negligently/intentionally misrepresented to Martin that he was prohibited from working at Martin due to the NCA. (D.I. 1 at ¶¶ 73, 76.) Under New Jersey law, negligent misrepresentation is "[a]n incorrect statement, negligently made and justifiably relied on, [and] may be the basis for recovery of damages for economic loss . . . sustained as a consequence of that reliance." *H. Rosenblum, Inc. v. Adler*, 93 N.J. 324, 334, 461 A.2d 138, 142-43 (1983). The elements for intentional misrepresentation are the same, except that the plaintiff must show the defendant made the misrepresentation with knowledge or belief of its falsity. *See Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 172-73 (2005) (stating intentional fraud consists of five elements: "(1) a material misrepresentation of presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages."). While both torts normally require the plaintiff to receive and rely on the alleged misrepresentation, New Jersey law has recognized that an employer may be liable for the negligent misrepresentation of a plaintiff's work history if:

> (1) the inquiring party clearly identifies the nature of the inquiry;
> (2) the employer voluntarily decides to respond to the inquiry, and thereafter unreasonably provides false or inaccurate information;
> (3) the person providing the inaccurate information is acting within the scope of his/her employment; (4) the recipient of the incorrect information relies on its accuracy to support an adverse employment action against the plaintiff; and (5) plaintiff suffers quantifiable damages proximately caused by the negligent misrepresentation.

*Singer v. Beach Trading Co., Inc.*, 379 N.J. Super. 63, 69 (N.J. App. Div. 2005).[4] The

---

[4] In *Singer*, the employer erroneously stated that the plaintiff was a customer service representative and not the Vice President of Daily Operations or a customer service supervisor. 379 N.J.

*Singer* Court reasoned that although the plaintiff was not the direct recipient of the misinformation, she fell "within the class of individuals injured by its dissemination" and was therefore able to assert the claim. *Id.* at 73. Additionally, the court found that by voluntarily replying to a request for information about the plaintiff's employment, the employer assumed a duty to the plaintiff to "exercise reasonable care or competence" in its response. *Id.* at 76-77 (quoting Restatement (Second) of Torts § 552). It is then a question for the jury to determine if the employer breached that duty based on resolution of the underlying factual dispute regarding the nature of the communication. *Id.* at 77.

9. In this case, Mimm may be able to establish negligent misrepresentation if disputed material facts are resolved in his favor. Specifically, he identified that Vanguard's President, Polley, contacted Martin and stated the NCA prohibited Mimm from working at Martin because it is a Vanguard customer. During that conversation, Martin requested a copy of the NCA and Vanguard's counsel voluntarily sent an e-mail to Martin that reiterated the NCA prohibited Mimm from working at Martin. Martin relied upon that communication and withdrew the offer of employment it had made to Mimm. (*See* D.I. 77 at 5, 7-8 (citing record).) As discussed above, there are disputed issues of material fact as to whether the NCA prohibited Mimm from working for a Vanguard customer. Those issues need to be resolved to determine whether Polley and Vanguard communicated false or inaccurate information to Martin regarding the NCA. Furthermore, if that issue is resolved in Mimm's favor, the jury will then need to decide whether Vanguard acted reasonably when it made the false or inaccurate statement to

---

Super. At 69. While the present case is factually distinct, the court finds that the *Singer* analysis is applicable to Vanguard's communications regarding the terms, conditions, and nature of Mimm's employment.

7

Martin. Accordingly, there are sufficient disputed issues of material fact to preclude summary judgment in Vanguard's favor on Count Five.

10. However, the court finds that Mimm cannot establish intentional misrepresentation. Mimm did not identify anything in the record to support a finding that Polley's or Vanguard's statement to Martin that the NCA prohibited Mimm from working at Martin was made with knowledge or belief of its falsity. Indeed, Vanguard's Counterclaim Count I seeks a declaratory judgment that the NCA is valid and enforceable. Therefore, Mimm cannot establish a necessary element for intentional misrepresentation, and summary judgment in favor of Vanguard is appropriate on Mimm's Count Six. *See Celotex*, 477 U.S. at 322.

11. Finally, the court addresses Mimm's request for summary judgment against Vanguard's remaining counterclaims. Vanguard's Count I seeks a declaratory judgment that the NCA is a valid and enforceable agreement, and that Vanguard's actions complained of in the complaint were contractually authorized and/or permitted under the NCA. (D.I 29 at ¶¶ 25-33.) Count II alleges that Mimm breached the NCA when he accepted employment with Martin. (Id. at ¶ 39.) Mimm asserts that no case or controversy exists as to the validity or enforceability of the NCA because he never went to work for Martin. (D.I. 77 at 16.) Similarly, Mimm argues he did not breach the NCA because he did not begin employment at Martin, and that his employment at Martin would not have been competitive with Vanguard. (Id. at 14-15.)

12. As mentioned above, the court finds that material facts remain in dispute as to whether Mimm's employment at Martin would have been "competitive with Vanguard" and in

violation of the NCA. Indeed, the enforceability of the NCA is central to the present case. Furthermore, material facts remain in dispute as to whether Mimm and Martin formed an oral contract for at-will employment. Therefore, the court denies Mimm's motion for summary judgment against Vanguard's counterclaims for a declaratory judgment and breach of contract.

13. In sum, Vanguard's Counterclaim Count III for inevitable disclosure is withdrawn as moot. Further, for the reasons stated above, the court denies Mimm's motion for summary judgment in its entirety; the court grants-in-part Vanguard's motion for summary judgment on Counts Three and Six of Mimm's Complaint; and the court denies-in-part Vanguard's motion for summary judgment on Counts Four and Five of Mimm's Complaint.

Dated: February 25, 2014

CHIEF UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD L. MIMM, III,<br><br>    Plaintiff,<br><br>v.<br><br>VANGUARD DEALER SERVICES, LLC,<br>JAMES R. POLLEY, and MARTIN NEWARK<br>DEALERSHIP, INC.<br><br>    Defendants.<br><br>VANGUARD DEALER SERVICES, LLC, and<br>JAMES R. POLLEY<br><br>    Counter Claimants,<br><br>v.<br><br>DONALD L. MIMM, III,<br><br>    Counter Defendant. | Civil Action No. 11-736-GMS |

**ORDER**

At Wilmington, this 25th day of February, 2014, consistent with the Memorandum issued this same date, IT IS HEREBY ORDERED THAT:

1. Vanguard Dealer Services, LLC's Counterclaim Count III for inevitable disclosure, (D.I. 29, Counterclaim at ¶¶ 42-47), is withdrawn as moot.

2. Donald L. Mimm's Motion for Summary Judgment, (D.I. 76), is DENIED.

10

3. Vanguard Dealer Services LLC's Motion for Summary Judgment, (D.I. 72), is GRANTED-IN-PART on Counts Three and Six of Mimm's Complaint, and DENIED-IN-PART on Counts Four and Five of Mimm's Complaint.

Dated: February 25, 2014

_____
CHIEF, UNITED STATES DISTRICT JUDGE